```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

KAREN GLISSON,                         *

    Plaintiff,                    *

vs.                                    *
                                                CASE NO. 4:11-CV-55 (CDL)

LEGACY CHEVROLET OF COLUMBUS, *
LEGACY CHEVROLET, CADILLAC,
SAAB OF COLUMBUS, LEGACY *
CHEVROLET, INC., LEGACY
AUTOMOTIVE, INC., and LEGACY *
AUTOMOTIVE OF COLUMBUS, LLC,

    Defendants.

## O R D E R

Presently pending before the Court is Defendants' Motion for Summary Judgment (ECF No. 12). Based on the present record, the Court finds that genuine disputes as to material facts exist regarding Plaintiff's Title VII retaliation claim against Legacy Automotive of Columbus, LLC, and therefore, Defendants' Motion for Summary Judgment is denied as to that claim. Fed R. Civ. P. 56. Defendants' Motion for Summary Judgment is granted as to the remaining claims.

It is not entirely clear from the record which claims Plaintiff wishes to pursue and which ones she has abandoned. Plaintiff has expressly abandoned her claims for gender discrimination, Pl. Resp. & Opp'ns to Defs.' Mot. for Summ. J. & Mem. of Law in Supp. Thereof 3, ECF No. 20, and thus the Court

grants Defendants' Motion for Summary Judgment as to those claims.

Plaintiff dismissed her intentional infliction of emotional distress claim against former Defendant Emanuel Jones ("Jones") individually, Pl. Resp. & Consent to Def. Emanuel Jones' Mot. to Dismiss, ECF No. 8, but in her response brief she argues that Legacy Automotive of Columbus, LLC is liable for that conduct under the Georgia law theory of negligent retention and supervision. Although Plaintiff's suggestion that Georgia law recognizes some type of hybrid intentional infliction of emotional distress/negligent retention and supervision claim is confusing, the Court interprets Plaintiff's argument to be that Jones's employer is legally responsible for the alleged retaliatory conduct under a negligent retention/supervision theory. Plaintiff does not argue that Jones's alleged intentional infliction of emotional distress is directly imputed to his employer through the doctrine of respondeat superior, and it is not the Court's job to manufacture claims for the parties. Accordingly, the Court finds that Plaintiff's Complaint alleged an intentional infliction of emotional distress claim against Jones only, and when Plaintiff dismissed her claims against Jones, the intentional infliction of emotional distress claim did not survive.

The record is also unclear as to which of the remaining Defendants Plaintiff intends to assert her claims against. The record establishes that Plaintiff was employed by Defendant Legacy Automotive of Columbus, LLC. *See, e.g.,* Glisson Decl. ¶ 2, ECF No. 20-2. Therefore, the other named Defendants are not proper Defendants in this action, and the claims against those Defendants are dismissed.

Finally, Plaintiff maintains that Jones's alleged retaliatory conduct supports a Georgia state law claim against Legacy Automotive of Columbus, LLC for its negligent retention and supervision of Jones. As to Plaintiff's negligent retention and supervision claims, "[a]n employer may be held liable [for negligent supervision and/or retention] only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Leo v. Waffle House, Inc.*, 298 Ga. App. 838, 841, 681 S.E.2d 258, 262 (2009) (internal quotation marks omitted); *accord Remediation Res., Inc. v. Balding*, 281 Ga. App. 31, 34, 635 S.E.2d 332, 335 (2006) (stating that to defeat summary judgment on a negligent retention claim, the plaintiff must show the employer knew or should have known the retained employee posed a risk of foreseeable harm to those in plaintiff's position and to do so "a plaintiff must produce some

evidence of incidents similar to the behavior that was the cause of the injury at issue."). The Court finds that Plaintiff has failed to present sufficient evidence from which a reasonable jury could conclude that Legacy Automotive of Columbus, LLC reasonably knew or should have known of Jones's tendency to *retaliate* against an employee under similar circumstances. Accordingly, the Court finds that summary judgment should be granted to Legacy Automotive of Columbus, LLC on Plaintiff's state law negligent retention and supervision claims. *See Leo*, 298 Ga. App. at 841, 681 S.E.2d at 262 (affirming trial court's grant of summary judgment to Defendant on negligent supervision claim "because the record is devoid of evidence that [employer] knew or should have known that [an employee] had engaged in . . . [or] had ever engaged in" the behavior relevant to the injuries allegedly incurred by the plaintiff).

Based on the foregoing, the only claim that remains for trial is Plaintiff's Title VII retaliation claim against Legacy Automotive of Columbus, LLC.

IT IS SO ORDERED, this 9th day of July, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
